### State Taxation—Injunction.

GERMAN NAT. BANK OF CHICAGO *v.* KIMBALL. Appellant filed a bill in chancery in the circuit court for the northern district of Illinois to enjoin defendant as collector, and Samuel H. McCrea as treasurer, from enforcing payment of the taxes assessed against its shareholders on their shares of the bank stock, on the general ground that the assessment violates the provision of the act of congress concerning national banks, which forbids the states from taxing these shares at any higher rate than other moneyed capital within the state, and that it also violates the provision of the constitution of Illinois concerning uniformity of taxation. The case was taken up on appeal to the supreme court of the United States, and a decision was rendered at the October term, 1880, affirming the decree of the circuit court, dismissing the bill. Mr. Justice *Miller* delivered the opinion of the court.

No one can be permitted to go into a court of equity to enjoin the collection of a tax until he has shown himself entitled to the aid of the court by paying so much of the tax assessed against him as it can be plainly seen he ought to pay; nor should he be permitted, because his tax is in excess of what is just and lawful, to screen himself from paying any tax at all until the precise amount which he ought to pay is ascertained by a court of equity.

The cases cited in the opinion were: State Railroad Tax Cases, 92 U. S. 575; Williams v. Weaver, 100 U. S. 539; Pelton v. National Bank, 101 U. S. 143; Cumming v. National Bank, Id. 153.

### State Tax on National Bank Shares—Injunction.

EVANSVILLE NAT. BANK *v.* BRITTON, 25 Alb. Law J. 432. Cross-appeals from a decree of the circuit court for the district of Indiana, decided in the supreme court of the United States, April 3, 1882; Mr. Justice *Miller* delivering the opinion of the court.

The taxation of bank shares under the Indiana statute, without permitting the shareholder to deduct from their assessed value the amount of his *bona fide* indebtedness, as in the case of other investments of moneyed capital, is a discrimination forbidden by the act of congress. The decree of the circuit court perpetually enjoining the collector as to those shareholders who had proved in the case that at the time of the assessment they owed debts which should have rightfully been deducted, and dismissing the bill as to other shareholders, where no evidence was given that they owed any debts which could have been deducted from the value of the shares, affirmed; *Waite*, C. J. dissenting, and Mr. Justice *Gray* concurring in the dissent.

The cases cited in opinion were: Hills v. Nat. Albany Exch. Bank, *ante*, 93; Williams v. Weaver, 100 U. S. 539; Van Allen v. Assessors, 3 Wall. 573.